DANIEL CAREY, DEFENDANT IN ERROR, v. HAMBURG–AMERICAN PACKET COMPANY, PLAINTIFF IN ERROR.

Submitted December 1, 1904—Decided February 27, 1905.

If, after denial of a motion for nonsuit for failure of proof, the defect was supplied in the evidence afterward adduced, the error of refusal will not lead to a reversal.

On error.

Before GUMMERE, CHIEF JUSTICE, and Justices GARRETSON and REED.

For the plaintiff in error, *Ross & Heppenheimer* and *Randolph Perkins.*

For the defendant in error, *James F. Minturn.*

The opinion of the court was delivered by

GARRETSON, J. This was an action by the plaintiff to recover damages for an assault and battery committed upon him by the servants of the defendant corporation.

It appeared on the trial, on the part of the plaintiff, that he went on what was known as the Hamburg dock to see a friend of his and give him a pair of shoes; that he found him loading a truck; that with him was another man named Marooney; that he saw the watchman come down the dock, and he had a club in his hand; that he took hold of Marooney and drew his club, and, with another watchman, was fetching him out of the dock; that the plaintiff said to Marooney, "Why don't you come out of the dock, and don't interfere with these men. Come off the dock, can't you?" Then they struck Marooney, and the plaintiff said, "Don't kill the man with the club," when they turned on the plaintiff and struck him, and he backed off the dock.

The evidence on the part of the plaintiff, while proving an assault and battery by the men called watchmen, and perhaps proving that they were in the employ of the defendant, does not show that they were in the performance of their duty to the company in committing the assault. The evidence rather establishes the fact that these watchmen committed an unprovoked assault upon one rightfully on the dock, and for which the defendant would not be liable. At the close of the plaintiff's case a motion for nonsuit was made upon the ground that the defendant company had not been connected with this assault, and even if it was admitted that these men were in their employ, there was no evidence to show that their actions were within the scope of their employment; that there was no proof to show that the defendant was the owner, operator or possessor of this dock; that there was no evidence to show that either of the parties who committed this assault was in the employ of the company, and if they were in the employ of the defendant company there is no evidence to show that they acted within the scope of their authority.

The motion for nonsuit was refused.

After the refusal to nonsuit, the defendant proceeded to call witnesses, and Scheick, who said that he was the superintendent of the docks of the Hamburg-American line in Hoboken, testified that the two watchmen who the plaintiff said had assaulted him were in the employ of the Hamburg-American Steamship Company, under him; that the duty of one was to watch the goods stored there, and the other's duty was to watch the goods and take the tickets from the drivers which go out of the gate there.

Berge, the gateman and watchman, testified that, as watchman, it was his business to get people off the dock; that he told the plaintiff to get off the dock, and that in telling Carey to get off the dock he was doing his business; that he pushed Carey, laid his hands on him and struck him two or three times, as Carey was going to dash at him with a hook he had in his hands.

Mulard, the other watchman, who Carey says assaulted him, testifies that he was employed by the defendant; that he had

to put people off the dock that had no business there, and he assisted Berge to shove him out of the gate.

All pertinent evidence exhibited in the bills of exceptions must be considered in reviewing the denial of a motion to nonsuit, for if when made there was a failure of proof in some respect and the defect was supplied in the evidence afterwards adduced, the error of refusal will not lead to a reversal. *West Jersey and Seashore Railroad Co.* v. *Welsh,* 33 *Vroom* 657; *Delaware, Lackawanna and Western Railroad Co.* v. *Dailey,* 8 *Id.* 526; *May* v. *North Hudson County Railroad Co.,* 20 *Id.* 445; *Monmouth Park Association* v. *Warren,* 26 *Id.* 598.

The evidence adduced after the refusal to nonsuit made the submission of the case to the jury necessary, and was sufficient to justify a jury in finding that the men who assaulted the plaintiff were in the defendant's employ, and that when the assault was committed they were acting within the scope of their employment.

The only assignment of error argued was upon the refusal to nonsuit. An examination of the other errors assigned shows that they have no foundation to sustain them.

The judgment below is affirmed.